STATE v. J. R. SELBY and others.

*County Commissioners—Repairing Bridges.*

It is not the duty of the commissioners of a county to take the *initial* steps for repairing the bridges thereof when they fall into decay; it is only when their co operation becomes necessary in a movement *started* by the township board of trustees or supervisors of public roads for such repairs, and is withheld without legal excuse, or they refuse to provide means to meet the contract, that they are criminally answerable for a breach of official duty.

INDICTMENT against the county commissioners for failing to repair a certain bridge, tried at Spring Term, 1880, of HYDE Superior Court, before *Graves, J.*

Upon the facts found by the jury, the court held the defendants not guilty, and *Grandy,* solicitor for the state, appealed.

*Attorney-General,* for the State.
No counsel for defendants in this court.

SMITH, C. J. The defendants who constitute the board of county commissioners of Hyde, are charged with a criminal dereliction of official duty in suffering a certain bridge to become and remain in a decayed and ruinous condition, and in not conferring with the township trustees and in concurrence with them contracting for the reparation there-

of. The special verdict rendered by the jury finds that the bridge, parcel of the highway, is over a creek twenty feet in width, has been hitherto kept up at the expense of the county and was for a considerable time out of repair and dangerous. Upon this finding His Honor was of opinion the defendants were not guilty, and in this we concur.

It is the duty of the township board of trustees, *with the concurrence of the county commissioners*, to contract for the building, keeping and repairing the necessary public bridges which the overseer with his assistants cannot conveniently construct and maintain, and to levy the charge on their county, (Bat. Rev., ch. 104, § 23, and the expense must be borne by the whole people of the county.) . § 42.

But by the act of 1879, ch. 82, the control and supervision of the public roads in each township are committed to the justices residing therein, who are created and styled " The board of supervisors of public roads." If this board is the successor of the township trustees in the duty of looking after the county bridges as well, and exercises similar functions, the bill misconceives the party whose co-operation with the defendants is required for its performance. This may be the effect of the amendatory act. It is not necessary and we do not undertake to say how this is. But in either case the bill and the verdict alike fail to point out any neglected legal obligation devolved upon the defendants. The township trustees or the board of supervisors must enter into the contract for construction or repairing, "with the concurrence of the county commissioners," in the words of the act, by whose exercise of the taxing power the funds needed to meet the obligation are to be raised. But the latter incur no guilt by the inaction of others. It is only when their co-operation becomes necessary in a movement of the township board of trustees or supervisors for the reparation of a decayed bridge, and is withheld without legal excuse, or they refuse to provide means to meet the contract, that they com-

mit a breach of public duty and become criminally answera-
ble. No such imputation is contained in the bill, and if it
were no fact is found to sustain the charge. It is plain
therefore that no judgment could be pronounced, and there
is no error in the ruling of the court. The judgment must
be affirmed.

PER CURIAM. · No error.